IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>          Plaintiff,<br><br>     v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, ROSS C. ANDERSON, Mayor, JOHN HUNTSMAN, JR., Governor, STATE OF UTAH,<br><br>          Defendants. | Case No. 2:07-CV-908-DAK<br><br><br><br>**ORDER** |

Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel. Plaintiff's complaint was filed on November 21, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on December 13, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entries #4, 5.)

Plaintiff is proceeding *pro se*.  As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*

> Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, at 28 U.S.C. § 1915(e)(2)(B), the law directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  Because Plaintiff is proceeding *in forma pauperis*, the court must consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

Section 1915(e)(2)(B) is an issue in this case because it appears that Plaintiff has not yet stated a properly supported claim upon which relief may be granted.  Plaintiff has filed a Title VII claim alleging employment discrimination.  Specifically, Plaintiff alleges that Defendants "barred" him from employment by "follow[ing] and threaten[ing] at a distance or [Plaintiff's] physical well being."  Plaintiff generally alleges that Defendants' conduct is discriminatory with respect to Plaintiff's race, color, sex, religion, national origin, and age.

Plaintiff states, as a second cause of action, "Bodily endangerment/false accusations," which Plaintiff supports with the following statement: "adverse parties have cause[d] multiple counts of physical damage and barred treatment and followed behind employment op's with accusations of detrimental image harassment and defamation of character."

The information in Plaintiff's complaint does not include a sufficient statement of supporting facts allowing the court to determine Plaintiff has stated a federal claim upon which relief can be granted.  Instead, Plaintiff's claims consist of conclusory allegations without sufficient supporting factual averments.

Because Plaintiff is proceeding *pro se*, the court wishes to provide him with an opportunity to amend his complaint before the court issues its Report and Recommendation to Judge Kimball.  As a result, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, Plaintiff provide the court with an amended complaint setting forth with sufficient specificity Plaintiff's federal claims and the supporting facts.

DATED this 9th day of January, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge