IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, ROSS C. ANDERSON, Mayor, JON HUNTSMAN, JR., Governor, STATE OF UTAH,<br><br>    Defendants. | Case No. 2:07-CV-908-DAK<br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel.  Plaintiff's complaint was filed on November 21, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on December 13, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entries #3, 4.)

Due to Plaintiff's failure to comply with the court's order to file an amended complaint, and due to the complaint's failure to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

The court relies on Rule 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) in recommending that Plaintiff's complaint be dismissed.

First, Rule 41(b) allows the court to dismiss a plaintiff's complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007). On January 9, 2008, the court ordered Plaintiff to file an amended complaint. (Docket Entry #6.) Contrary to that order, Plaintiff has not filed an amended complaint. In fact, since that order was issued, Plaintiff has not filed any pleading in this case. As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint pursuant to Rule 41(b).

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its January 9, 2008 order, that Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a

less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In its January 9, 2008 order, the court warned Plaintiff that it had reviewed Plaintiff's complaint and it appeared that Plaintiff had not yet stated a properly supported claim upon which relief may be granted. Plaintiff's first claim is a Title VII claim alleging employment discrimination. Specifically, Plaintiff alleges that Defendants "barred" him from employment by "follow[ing] and threaten[ing] at a distance or [Plaintiff's] physical well being." Plaintiff generally alleges that Defendants' conduct is discriminatory with respect to Plaintiff's race, color, sex, religion, national origin, and age. Even construed liberally, these general statements simply are not

3

enough to support a Title VII claim against Defendants.  Instead, they amount to conclusory allegations unsupported by sufficient factual averments.

Plaintiff states, as a second cause of action, "Bodily endangerment/false accusations," which Plaintiff supports with the following statement:  "adverse parties have cause[d] multiple counts of physical damage and barred treatment and followed behind employment op's with accusations of detrimental image harassment and defamation of character."  Again, as with Plaintiff's first claim, these statements do not provide the court with enough support for the court to conclude that Plaintiff has stated a federal claim upon which relief may be granted.

As a result, the court concludes that Plaintiff's complaint fails to set forth a federal claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 7th day of March, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge